UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE COMMISSION,

                                    Plaintiff,

                v.                              14-CV-7575 (Judge Cote)
                                                         ECF Case
JASON COPE, *et al.*,

                                    Defendants.
_____

## MEMORANDUM OF DEFENDANT RONALD LOSHIN IN OPPOSITION TO PLAINTIFF SEC'S MOTION FOR PRELIMINARY INJUNCTION AND OTHER RELIEF

      Defendant Ronald Loshin ("Loshin") submits this memorandum in opposition to Plaintiff Securities and Exchange Commission's ("SEC") application for a preliminary injunction and other relief. The SEC's application is set for hearing on September 24, 2014.

      Following an investigation that began at least five months ago (Enright Decl. ¶4), the SEC determined *not* to charge Loshin with securities fraud. While the SEC determined to charge all other defendants in this case with fraud, it decided to charge Loshin solely with violating Securities Exchange Act §16(a) and Rule 16a-3, which require officers, directors and 10% holders to report changes in their ownership of company stock at month-end (Complaint ¶90-93). The SEC's claim is that Form 4 reports were made for Loshin's purchases of Gepco stock in January and February 2014 but that they were incomplete (Complaint ¶55; Feretic Decl. ¶5).

      Just two weeks ago, the SEC settled a "sweep" of Rule 16a-3 cases with over 30 defendants. SEC Press Rel. 2014-190 (available at sec.gov). As described in the SEC's release, had Loshin been included in that sweep, his resolution would have been simply an approximately

1

$25,000 civil fine and an administrative cease-and-desist order. Loshin was never contacted during the SEC's investigation of the present matter and thus had no opportunity to resolve it. He first learned of this litigation last Friday, when the SEC emailed him its litigation papers and the *ex parte* orders it had obtained. Loshin is 72 years old and resides about 20 miles outside San Francisco (Complaint ¶19). He does not want to litigate a case 3,000 miles from home and hopes he can settle the SEC's charges against him.

Regardless of how the Court may rule on the SEC's present application for preliminary relief as to other defendants, there is plainly no need for preliminary relief as to Loshin for the reasons discussed below.

### A. Preliminary Injunction

**1. Standard for Preliminary Injunction.** In seeking a preliminary injunction, the SEC relies on *SEC v. Cavanagh*, 155 F.3d 129 (2d Cir. 1998). In *Cavanagh*, the Second Circuit affirmed this Court and held that the standard the SEC must meet for a preliminary injunction against securities law violations, an "obey-the-law" preliminary injunction, is "a substantial showing of likelihood of success as to both a current violation and the risk of repetition." *Id*. at 132. This Court had used the same formulation of the standard in its opinion below. *SEC v. Cavanagh*, 1 F. Supp. 2d 337, 360 (S.D.N.Y. 1998) (Cote, J.).

This standard for preliminary injunctive relief in SEC cases appears to have originated in *SEC v. Unifund SAL*, 910 F.2d 1028, 1040 (2d Cir. 1990), which contains a particularly extensive discussion of the subject. In *Unifund*, the Circuit cautioned that "a district court, exercising its equitable discretion, should bear in mind the nature of the preliminary relief the Commission is seeking, and should require a more substantial showing of likelihood of success,

both as to violation and risk of recurrence, whenever the relief sought is more than preservation of the status quo." *Id*. at 1039.

**2. Likelihood of Violation Requirement.**  As to the first branch of the test – likelihood of success in proving a current violation – the record shows that the issuer Gepco followed the usual and permissible practice of having the company itself handle the Form 3 and 4 reporting for its directors and officers.[1]  This does not appear to be disputed.  Nor does the SEC dispute that Gepco did in fact file Forms 3 and 4 on Loshin's behalf on January 27 and 29, 2014, and that it separately disclosed in its March 31, 2014 Form 10-K the issuance of founder's stock to him.  All of these filings appear on the SEC's Edgar website and may thus be judicially noticed.  Fed. R. Evid. 201.

The SEC alleges simply that the filings were incomplete for January and February 2014.  Totally absent from the SEC's Complaint and papers supporting its application – after investigating this matter for at least the last five months – is any suggestion that Loshin himself was responsible for any such lack of completeness, as opposed to an inadvertent lapse by company personnel to whom the task of making the filings was permissibly and reasonably assigned.  As the Circuit noted in considering another element of proof in *Unifund*, "[t]he Commission attempts to bridge this fundamental gap in its evidence with speculation."  910 F.2d at 1040.  There is thus not a likelihood of success as to an alleged current violation by Loshin.

**3. Likelihood of Repetition Requirement.**  As to the second branch of the test – likelihood of success in proving risk of repetition – this Court's opinion in *Cavanagh* provides

---

[1] As the SEC stated in another case just two weeks ago, the SEC actually "encourages" issuers to do the Form 3, 4 and 5 filings for their officers and directors:  "Although insiders remain responsible for the timeliness and accuracy of their required Section 16(a) reports, the Commission has encouraged the practice of many issuers to 'help their [officers and directors] or submit the [] filings on their behalf . . . [in order] to facilitate accurate and timely filing.'  Mandated Electronic Filing and Website Posting for Forms 3, 4 and 5, SEC Release No. 34-47809 (May 7, 2003)."  *Matter of Universal Electronics Inc.*, SEC Rel. 34-73033 (Sept. 10, 2014) (available on sec.gov).  Filing of Forms 3, 4 and 5 can be even be delegated to service providers entirely outside the issuer.  For an example of such a service offering, see http://www.compliance-sec.com/.

3

guidance.  In declining to order preliminary injunctive relief as to certain defendants, this Court pointed, among other things, to the following factors:  (1) the degree of scienter involved, (2) the isolated or repeated nature of the violation, (3) the central or "peripheral" nature of the defendant's involvement, and (4) any history of past misconduct.  *SEC v. Cavanagh*, 1 F. Supp. 2d at 373.

Here these factors weigh heavily against a preliminary injunction as to Loshin:  (1) Loshin is not charged with having scienter, but rather with a non-scienter violation of Section 16(a) and Rule 16a-3.  (2) The Complaint charges simply that Loshin's isolated Form 4 reports in January and February 2014 were incomplete when made but not that any such lapses were repeated before or after.  (Complaint ¶55; Feretic Decl. ¶5)  (3) Loshin is at most "peripheral," as the Complaint barely mentions him, and he is the only defendant not charged with fraud.  (4) There is no suggestion that Loshin has any history of past misconduct.  Moreover Loshin is no longer an officer or director or 10% shareholder of Gepco or any other public company, and therefore no longer required to file Forms 3 and 4 as to any company.

**4. No Preliminary Injunction Against Loshin.**  For these reasons, there is no need to preliminarily enjoin Loshin from violation of Section 16(a) and Rule 16a-3.  After at least five months of investigation, the SEC can only speculate that he may have committed a non-scienter filing violation through incompleteness, and if hypothetically there were such a filing violation, there is no showing of likelihood of repetition.

### B.  Sworn Accounting of Fraud Proceeds

The SEC seeks a sworn accounting here "to determine the disposition of funds that the Defendants and the Relief Defendant obtained through the fraudulent scheme" (SEC Mem. 30-31).  As noted above, unlike all of the other defendants, the SEC decided, after investigation, not

to charge Loshin with fraud. (And there is no "relief" defendant here.) Because Loshin is not charged with fraud, he does not have fraud proceeds to account for. For this reason, he should thus not be ordered to furnish an expedited accounting. Of course, he stands ready to respond to regular civil discovery on all issues relevant to this case.

### C. Expedited Discovery and Document Preservation

The SEC seeks continued expedited discovery with exceptionally tight two- and three-day response periods, and with only the SEC being allowed to take such discovery, not the defendants. The SEC makes plain that it is asking that such discovery be allowed "beyond any hearing on the Commission's application for preliminary injunction" in this case. *See* Order to Show Cause, pp. 21-22.

After the September 24, 2014 preliminary injunction hearing date, there will be no need to burden any California defendant with such expedited discovery in a New York case. And there will certainly be no need to so burden Loshin with continuing one-sided expedited discovery, as he is charged simply with incomplete Form 4 filings in January and February 2014. Nor is there any need to formally order Loshin not to destroy evidence, as the SEC has presented nothing to show a risk that this allegedly deficient Form 4 filer will destroy evidence or engage in any other obstructive conduct.

### D. Repatriation of Foreign Funds

The SEC has not alleged that Loshin engaged in fraud, nor has the SEC even suggested that Loshin has sent any illegal proceeds abroad. Imposing a repatriation order on Loshin would have no basis in the record and could be based only on pure speculation. The SEC should not ask the Court to exercise its equitable powers to impose extraordinary preliminary remedies without any support or showing of need.

### E. Order Restraining Creditors

Likewise, the SEC has no basis to ask this Court to exercise its equitable powers to restrain and enjoin any and all creditors that Loshin may have. The SEC seeks this relief as to "the assets of the Defendants and the Relief Defendant" (again, there is no "relief" defendant in this case). If such a hypothetical need could hypothetically arise in the future, the SEC would have the ability to make an appropriate application at that time. The fact that a request is in the SEC's boilerplate for such applications is not enough to warrant asking a federal court to decree extraordinary equitable relief.

Dated:  September 22, 2014

/s/ Stephen J. Crimmins
Stephen J. Crimmins (SC-2714)
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022-6030
212.536.3987 / stephen.crimmins@klgates.com

*Attorneys for Defendant Ronald Loshin*

Of Counsel:

Jeffrey L. Bornstein (*pro hac
  vice application pending*)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
415.882.8220 / jeffrey.bornstein@klgates.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2014, I served a true and correct copy of the foregoing Memorandum on counsel of record by email, as allowed by the Court's September 18, 2014 Order to Show Cause in this case.

/s/ Stephen J. Crimmins
Stephen J. Crimmins (SC-2714)