UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

v.

JASON COPE; IZAK ZIRK DE MAISON (F/K/A IZAK ZIRK ENGELBRECHT); LOUIS MASTROMATTEO; ANGELIQUE DE MAISON; TRISH MALONE; KIERAN T. KUHN; PETER VOUTSAS; RONALD LOSHIN; GEPCO, LTD.; SUNATCO LTD.; SUPRAFIN LTD.; WORLDBRIDGE PARTNERS; TRAVERSE INTERNATIONAL; SMALL CAP RESOURCE CORP.,

*Defendants.*

14 Civ. 7575 (DLC)
ECF Case

DOCUMENT
ELECTRONICALLY
10/14/2014

## STIPULATION AND CONSENT ORDER IMPOSING PRELIMINARY INJUNCTION AND OTHER RELATED RELIEF AGAINST DEFENDANTS TRISH MALONE AND GEPCO, LTD.

**WHEREAS** on September 18, 2014, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint, Order to Show Cause, and supporting papers, including a memorandum of law, declarations, and exhibits, for its emergency application for a temporary restraining order, preliminary injunction, asset freeze and other relief;

**WHEREAS** the same day, the Court entered an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "September 18 Order");

1

**WHEREAS** Defendants Trish Malone ("Malone") and Gepco, Ltd. ("Gepco") have (1) accepted service of the Complaint by email and overnight delivery, acknowledged that they received a copy of the Complaint by such means on September 19, 2014, and waived service of the Summons; (2) acknowledged that they received a copy of the September 18 Order and the papers supporting the Commission's September 18 application by email service and overnight delivery on September 19; (3) consented to the Court's jurisdiction over them and the subject matter of this action; (4) consented to entry of this order (the "Order") without admitting or denying the allegations of the Complaint; (5) waived findings of fact and conclusions of law pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Federal Rules"); (6) agreed not to oppose the enforcement of this Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules and waived any objections based thereon; and (7) waived any right to appeal from this Order;

**WHEREAS** Malone and Gepco acknowledge (1) that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability; and (2) that the Court's entry of a preliminary injunction order may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding; and

**WHEREAS** the Court has considered: (1) the Complaint filed by the Commission on September 18, 2014; (2) the Declaration of John O. Enright, and Exhibits thereto, in Support of Plaintiff's Motion for Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief; (3) the Declaration of Thomas Feretic in Support of Plaintiff's Emergency Application for an Order to Show Cause, Temporary Restraining Order and Other Relief; (4) the Declaration of Howard A. Fischer Pursuant to Local Civil Rule 6.1; and (5) the memorandum of law in support of the Commission's application;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Commission, by its undersigned counsel, and Malone and Gepco, that, based on the foregoing, a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") has been made for the relief granted herein:

**I.**

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction against Malone and Gepco is GRANTED.

**II.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Malone and Gepco, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile or otherwise, are preliminarily restrained and enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

3

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

### III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, defendants Malone and Gepco, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

a. selling securities when no registration statement is in effect with the Commission; or

b. offering to sell such securities when no registration statement has been filed with the Commission as to such securities,

in violation of Sections 5(a) and 5(c) of the Securities Act.

### IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, defendants Malone and Gepco, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to,

(a) employing any device scheme or artifice to defraud; or

(b) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Sections 17(a)(1) and 17(a)(3) of the Securities Act.

## V.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, (a) Malone and Gepco shall immediately repatriate all funds and assets obtained, directly or indirectly, from the activities described in the Commission's Complaint that are now located outside the jurisdiction of this Court and are under any of their control, directly or indirectly, whether the funds or assets are in their name or for their direct or indirect beneficial interest; (b) with respect to all such funds and assets outside the jurisdiction of this Court that are repatriated by Malone and Gepco, such assets shall become subject to the restrictions described in paragraph II of the September 18 Order, if appropriate; and (c) with respect to any other asset owned and/or controlled by Malone and Gepco that is now located outside the jurisdiction of this Court (including, but not limited to, any monies, securities, or real or personal property), Malone and Gepco shall immediately identify the asset, the location of such asset, the price paid or consideration given for such asset, and the date upon which such asset was purchased or obtained.

## VI.

**IT IS FURTHER ORDERED** that if, by the date of entry of this Order, Malone and Gepco have not yet filed and served a verified written accounting in accordance with Section XV of the September 18 Order, each shall file with this Court and serve upon Plaintiff Commission, within three (3) business days of the date of this Order, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a verified written accounting, signed by each under penalty of perjury, providing the following information:

(1) A list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and name and last four digits of the account number), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them, or under their direct or indirect control at any time from October 1, 2013 to the present;

(2) All assets, liabilities and property currently held directly or indirectly by or for their benefit, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(3) All money, property, assets, and other income received by them, or for their direct or indirect benefit, in or at any time from October 1, 2013, to the date of the

    accounting, describing the source, amount, disposition, and current location of each of the items listed;

(4) All assets, funds, securities, real or personal property of theirs transferred to or for the benefit of any other person or entity from October 1, 2013, to the date of the accounting, including a description of each transferred asset, the name of the recipient, and the date of the transfer; and

(5) The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of any one or more of Malone and/or Gepco.

## VII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, no person or entity, including any creditor or claimant against Malone and Gepco, or any person acting on behalf of such creditor or claimant, shall take any action without further order of the Court to interfere with the taking control, possession or management of the assets subject to this Order.

## VIII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Malone and Gepco, and each of their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile service, or otherwise, are enjoined from filing a petition in bankruptcy on behalf of them without first seeking leave from this Court, with at least five (5) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

### IX.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Malone and Gepco and any person or entity acting at their direction or on their behalf are restrained and enjoined from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records that concern, refer, reflect or relate to the allegations in the Complaint and that are in the possession, custody or control of Malone and/or Gepco or any of their agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact.

### X.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Malone and Gepco and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, e-mail, facsimile, or otherwise.

So ordered.

*[signature]*
Oct. 14, 2014

STIPULATED AND AGREED TO:

Date: October 8, 2014      By: _____
                                Howard A. Fischer
                                John O. Enright
                                Securities and Exchange Commission
                                New York Regional Office
                                Brookfield Place, 200 Vesey St., Room 400
                                New York, New York 10281-1022
                                Tel.: (212) 336-0589 (Fischer)
                                FischerH@sec.gov (Fischer)

                                *Attorneys for Plaintiff*
                                *Securities and Exchange Commission*

Date: October 8, 2014      By: _____
                                Defendant Trish Malone

                                *In her personal capacity and as [President, Chief*
                                *Financial Officer and Secretary] of Gepco, Ltd.*

SO ORDERED:

Dated: _____, 2014         _____
       New York, New York       HON. DENISE L. COTE, U.S.D.J.