UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>   -against-<br><br>JASON COPE, IZAK ZIRK DE MAISON (F/K/A IZAK ZIRK ENGELBRECHT), GREGORY GOLDSTEIN, STEPHEN WILSHINSKY, TALMAN HARRIS, WILLIAM SCHOLANDER, JACK TAGLIEFERRO, VICTOR ALFAYA, JUSTIN ESPOSITO, KONA JONES BARBERA, LOUIS MASTROMATTEO, ANGELIQUE DE MAISON, TRISH MALONE, KIERAN T. KUHN, PETER VOUTSAS, RONALD LOSHIN, GEPCO, LTD., SUNATCO LTD., SUPRAFIN LTD., WORLDBRIDGE PARTNERS, TRAVERSE INTERNATIONAL, and SMALL CAP RESOURCE CORP.,<br><br>                      Defendants,<br><br>And<br><br>ANGELIQUE DE MAISON,<br>                      Relief Defendant. | 14 Civ. 7575 (DLC)<br><br>FINAL JUDGMENT<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 12/17/2015 |

## FINAL JUDGMENT AS TO JASON COPE

The Securities and Exchange Commission having filed a First Amended Complaint and Defendants Jason Cope ("Cope") and Worldbridge Partners ("Worldbridge") (together, the "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment;

waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### II

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Cope is permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being properly registered as a broker or dealer in accordance with subsection 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Cope's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Cope or with anyone described in (a).

IV

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Cope is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a) of the Exchange Act [15 U.S.C. §78i(a)], by use of the mails, or of any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national exchange, for the purpose of creating a false or misleading appearance of active trading in any security other than a government security, or a false or misleading appearance with respect to the market for any such security, to:

(a) effect transactions in the securities which involved no change in the beneficial ownership thereof;

(b) enter an order or orders for the purchase of the securities with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of the securities, had been or would be entered by or for the same or different parties;

(c) enter an order or orders for the sale of the securities with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of the securities, has been or will be entered by or for the same or different parties; or

(d) effect, alone or with one or more other persons, a series of transactions in any security with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of

inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Cope's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Cope or with anyone described in (a).

## VI

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from the dates of the violations set out in the First Amended Complaint, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants

will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VIII

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## IX

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

X

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 17, 2015

_____
UNITED STATES DISTRICT JUDGE