UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                  Plaintiff,           :      14cv7575 (DLC)
                                       :
-v-                                    :      MEMORANDUM OPINION
                                       :           AND ORDER
JASON COPE, IZAK ZIRK DE MAISON (F/K/A):
IZAK ZIRK ENGELBRECHT), GREGORY        :
GOLDSTEIN, STEPHEN WILSHINSKY, TALMAN  :
HARRIS, WILLIAM SCHOLANDER, JACK       :
TAGLIAFERRO, VICTOR ALFAYA, JUSTIN     :
ESPOSITO, KONA JONES BARBERA, LOUIS    :
MASTROMATTEO, ANGELIQUE DE MAISON,     :
TRISH MALONE, KIERNAN T. KUHN, PETER   :
VOUTSAS, RONALD LOSHIN, GEPCO, LTD.,   :
SUNATCO LTD., SUPRAFIN LTD.,           :
WORLDBRIDGE PARTNERS, TRAVERSE         :
INTERNATIONAL, and SMALL CAP RESOURCE  :
CORP.,                                 :
                                       :
                  Defendants,          :
And                                    :
                                       :
ANGELIQUE DE MAISON,                   :
                                       :
                  Relief Defendant.    :
-------------------------------------- X

APPEARANCES:

For Angelique de Maison:
Jeffrey B. Coopersmith
Lauren Rainwater
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101

For the Securities and Exchange Commission:
Howard A. Fischer
John O. Enright
Securities & Exchange Commission - New York Regional Office
Brookfield Place, 200 Vesey Street
New York, New York 10281

DENISE COTE, District Judge:

Angelique de Maison ("de Maison") brings this motion for relief from an asset freeze.  Specifically, de Maison seeks the release of: (1) $93,478.65 to cover incurred, as well as future, attorneys' fees; and (2) $100,000 to cover living expenses and as compensation for her efforts to sell her properties.  For the reasons set forth below, de Maison's motion for relief from a freeze to allow for payment of attorneys' fees is granted.  The request for living expenses, construed as a request for compensation, is granted in part.

<u>**BACKGROUND**</u>

This action commenced in September 2014, when the SEC filed a complaint against de Maison, her then husband Izak Zirk de Maison (f/k/a Izak Zirk Engelbrecht) ("Engelbrecht"), and others for violating various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.[1]  On October 22, 2014, the Court entered a preliminary injunction order, enjoining the defendants from committing federal securities violations and freezing the assets of certain defendants and their spouses, including de Maison (the "Freeze Order").

---

[1] An amended complaint was filed on June 15, 2015, in which de Maison was named a relief defendant.

While the Freeze Order was in place, de Maison entered into two stipulations with the SEC allowing her to complete the contracted sale of several of her properties. Pursuant to the terms of these stipulations, de Maison was required to deposit the proceeds of these sales into a trust account managed by her attorneys, the Davis Wright Tremaine LLP law firm ("Davis Wright"). The proceeds from de Maison's sale of her properties currently amounts to $612,551.64.

On December 23, 2015, the Court so ordered a Consent between de Maison and the SEC (the "Consent"). Pursuant to the terms of the Consent, de Maison agreed to eventually pay disgorgement of her ill-gotten gains, in addition to a civil penalty. While the SEC has not yet moved for disgorgement and penalties, it submits that it is "more likely than not that either disgorgement or penalties -- not to mention a combination of disgorgement and penalties -- would be greater than the amount of liquid assets subject to the freeze that are currently held in Davis Wright's trust account."

Ms. de Maison filed the present motion for relief from the Freeze Order on November 1, 2016. The motion became fully submitted on December 1. On December 16, the Court ordered the SEC to respond to two questions concerning its opposition to de Maison's motion. The SEC filed its responsive letter on

3

December 20.

## DISCUSSION

The Second Circuit has recognized that keeping assets frozen may, under certain circumstances, "thwart the goal of compensating investors if the freeze were to cause such disruption of defendants' business affairs that they would be financially destroyed." SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1106 (2d Cir. 1972). To modify a freeze order to permit the payment of attorneys' fees or living expenses, an applicant must establish that "such a modification is in the interest of the defrauded investors." SEC v. Grossman, 887 F. Supp. 649, 661 (S.D.N.Y. 1995), aff'd sub nom. SEC v. Estate of Hirshberg, 101 F.3d 109 (2d Cir. 1996). The applicant must further establish that the funds she seeks to release are "untainted," and that there are "sufficient funds to satisfy any disgorgement remedy." SEC v. Stein, 07cv3125, 2009 WL 1181061 at *1 (S.D.N.Y. Apr. 30, 2009). The touchstone of this inquiry is equity: "[T]he disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief." SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1106 (2d Cir. 1972).

With respect to requests for attorneys' fees, a party "bears the burden of establishing entitlement to an award and

4

documenting the appropriate hours expended and hourly rates."
Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  With respect to
requests for living expenses, courts may consider whether the
defendant has any additional sources of income and whether the
defendant is seeking funds for luxuries rather than necessities.
See, e.g., SEC v. Dowdell, 175 F. Supp. 2d 850, 854 (W.D. Va.
2001).[2]  See also SEC v. Sterling Foster & Co., Inc., 97cv1077,
2000 WL 687469, at *1 (S.D.N.Y. May 26, 2000) (describing the
court's previously entered freeze order as providing an
exception to allow the defendant to "withdraw or transfer a
total of $10,000 per month from his account . . . for living
expenses"); SEC v. Scott, Gorman Muns., Inc., 407 F. Supp. 1383,
1388 (S.D.N.Y. 1975) ("[T]he Court will issue an order imposing
the temporary freeze of the individual defendants' personal
assets (except for ordinary living expenses) . . . .").

---

[2] There is disagreement over the standards under which a court
may modify a freeze order to allow for the payment of a
defendant's living expenses.  See, e.g., Dowdell, 175 F. Supp.
2d at 854-55 (allowing for the release of $4,000 per month to
meet a defendant's living expenses where the defendant did not
have alternate sources of income, was not seeking funds for
luxuries, and the SEC did not oppose the request).  But see SEC
v. Schiffer, 97cv5853, 1998 WL 307375, at *7 (S.D.N.Y. June 11,
1998) (limiting the release of funds to meet the defendant's
living expenses only to "those necessary to maintain assets
subject to ultimate liquidation and disgorgement").

**I. Attorneys' Fees**

Ms. de Maison requests that the Court release $78,478.65 to pay Davis Wright the legal fees it has incurred to date, and to set aside an additional $15,000 to cover any future fees Davis Wright attorneys may incur in bringing this matter to a close. This request amounts to a total of $93,478.65 in attorneys' fees. The SEC does not oppose this request.

Here, Ms. de Maison has adequately shown that the use of frozen funds to pay for attorney's fees is in the interest of defrauded investors. As both parties here agree, Davis Wright has "conducted itself in such a way as to increase the amount of funds available to compensate defrauded investors" by cooperating with the SEC and acting expeditiously in facilitating the sale of de Maison's real estate. Due to Davis Wright's efforts, the SEC was able to avoid having to appoint a receiver in this action. Furthermore, Davis Wright ensured de Maison's availability to meet with the SEC's enforcement staff, and settled the SEC action promptly without requiring the SEC to expend significant public resources in a prosecution of this action. Accordingly, this Court finds that equity favors a release of $93,478.65 to pay Davis Wright LLP its attorneys' fees.

6

## II. Compensation for Real Estate Work

Ms. de Maison seeks $100,000 to cover her living expenses. She contends that this request should be construed as a request for partial compensation for the 1,736 hours of work she spent selling her properties, which helped increase the amount of recovery available for defrauded investors.

The SEC challenges de Maison's request on two grounds. First, the SEC contends that de Maison is not legally entitled to modify the freeze order to allow for payment of living expenses. Second, even if de Maison's request is construed as a request for compensation for her real estate efforts, her proposed compensation figure is inflated. As the SEC explains, a reasonable proxy for compensation would be the commission that a real estate broker would typically earn, which the parties agree here is approximately 4%. Accepting that the total value of properties sold by de Maison amounts to approximately $2 million, a 4% commission rate would amount to $82,700 in compensation. But, as the SEC points out, de Maison has not clarified whether any other real estate professional received some compensation in connection with these sales. Accordingly, the SEC submits that should the Court choose to compensate de Maison for her efforts in recovering additional funds for defrauded investors, it should only award $25,000, which

7

constitutes approximately 4% of the $612,551.64 in net (rather than gross) proceeds de Maison helped recover for investors through her real estate efforts.

Here, de Maison has failed to show that equity favors further depleting the already inadequate disgorgement in favor of paying her living expenses and personal obligations.  Insofar as de Maison's motion is construed as a request for compensation, however, the motion is granted in the amount of $25,000.  Ordinarily, a court will not modify a freeze order where there are insufficient funds to satisfy any disgorgement remedy that may be ordered.  But where it is undisputed that de Maison's efforts to sell her real estate benefitted the defrauded investors, the balance of equities favors a modification of the Freeze Order.  Accordingly, de Maison shall receive $25,000 as compensation for her efforts to increase the amount of funds available to compensate defrauded investors.

## CONCLUSION

Ms. de Maison's November 1 motion for relief is granted in part. The Freeze Order shall be modified to allow for the payment of $93,478.65 to the law firm of Davis Wright Tremaine LLP and for the payment of $25,000 to de Maison as compensation for her efforts in connection with the sale of real estate.

Dated:    New York, New York
          December 23, 2016

                              _____
                              DENISE COTE
                         United States District Judge

9