```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                    Plaintiff,           :    14cv7575 (DLC)
                                         :
       -v-                               :    MEMORANDUM OPINION
                                         :         AND ORDER
JASON COPE, IZAK ZIRK DE MAISON (F/K/A)  :
IZAK ZIRK ENGELBRECHT), GREGORY          :
GOLDSTEIN, STEPHEN WILSHINSKY, TALMAN    :
HARRIS, WILLIAM SCHOLANDER, JACK         :
TAGLIAFERRO, VICTOR ALFAYA, JUSTIN       :
ESPOSITO, KONA JONES BARBERA, LOUIS      :
MASTROMATTEO, ANGELIQUE DE MAISON,       :
TRISH MALONE, KIERNAN T. KUHN, PETER     :
VOUTSAS, RONALD LOSHIN, GEPCO, LTD.,     :
SUNATCO LTD., SUPRAFIN LTD.,             :
WORLDBRIDGE PARTNERS, TRAVERSE           :
INTERNATIONAL, and SMALL CAP RESOURCE    :
CORP.,                                   :
                                         :
                    Defendants,          :
And                                      :
                                         :
ANGELIQUE DE MAISON,                     :
                                         :
                    Relief Defendant.    :
---------------------------------------- X
```

APPEARANCES:

For Angelique de Maison:
Jeffrey B. Coopersmith
Lauren Rainwater
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101

For the Securities and Exchange Commission:
Howard A. Fischer
John O. Enright
Securities & Exchange Commission - New York Regional Office
Brookfield Place, 200 Vesey Street
New York, New York 10281

DENISE COTE, District Judge:

Angelique de Maison ("de Maison") brings this motion for reconsideration of the Court's December 23, 2016 Memorandum Opinion and Order awarding de Maison $25,000 as compensation for facilitating the sale of four of her properties ("the December 23 Opinion"). Specifically, the motion seeks the award of an additional $75,000. For the reasons set forth below, de Maison's motion for reconsideration is denied.

## BACKGROUND

General familiarity with the facts of this case is presumed, and are therefore summarized here only briefly. In September 2014, the SEC filed a complaint against de Maison and others for violating various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.[1] On October 22, 2014, the Court entered a preliminary injunction order freezing de Maison's assets (the "Freeze Order"). While the Freeze Order was in place, de Maison entered into two stipulations with the SEC allowing her to complete the contracted sale of several of her properties. At the time the Court issued its December 23 Opinion, the proceeds from the sale of de Maison's properties amounted to $612,551.64.

On December 23, 2015, the Court so ordered a Consent

---

[1] An amended complaint was filed on June 15, 2015, in which de Maison was named a relief defendant.

2

between de Maison and the SEC (the "Consent"). Pursuant to the terms of the Consent, de Maison agreed to eventually pay disgorgement of her ill-gotten gains, in addition to a civil penalty. The SEC has not yet moved for disgorgement and penalties, but has previously submitted -- and de Maison has not contested -- that it is "more likely than not that either disgorgement or penalties -- not to mention a combination of disgorgement and penalties -- would be greater than the amount of liquid assets subject to the freeze."

Ms. de Maison filed a motion for relief from the Freeze Order on November 1, 2016 (the "November 1 motion for relief"). The motion sought: (1) $93,478.65 to cover incurred, as well as future, attorneys' fees; and (2) $100,000 to cover de Maison's living expenses. The December 23 Opinion granted the request for attorneys' fees in its entirety and granted de Maison $25,000 as compensation for her real estate efforts.

Ms. de Maison filed the present motion for reconsideration on January 6. The motion for reconsideration became fully submitted on January 30.

## DISCUSSION

The standard for granting a motion for reconsideration is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a

motion under Rule 59(e), Fed. R. Civ. P.).[2]  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Id. (citation omitted).  "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (citation omitted).

Ms. de Maison's motion for reconsideration does not identify an intervening change of controlling law, nor does it present previously unavailable evidence.  Rather, the motion is a thinly veiled attempt to relitigate the Court's entirely discretionary award of compensation to de Maison for her real estate work.

At base, de Maison believes that the Court's December 23

---

[2] Ms. de Maison brings this motion pursuant to S.D.N.Y. Local Civil Rule 6.3, but does not specify the subsection of the Federal Rules of Civil Procedure upon which her application relies.  Because de Maison's application, if granted, would constitute an alteration of the Court's ruling, her motion is construed as a motion pursuant to Rule 59(e), Fed. R. Civ. P.

4

Opinion underestimated the value of her real estate efforts. But for her cleanup and outreach work, de Maison maintains, her properties "could not have been sold because there was no one else who would or could have done this work." Ms. de Maison also believes that she was not given adequate opportunity to respond to the SEC's compensation proposal. Finally, de Maison repeats her argument that it was inappropriate for the SEC to propose a specific compensation figure in light of its prior representations that it would take no position as to the amount that should be released to de Maison.

 Ms. de Maison's arguments are unavailing. First, de Maison had an adequate opportunity to -- and, in fact, did -- respond to the SEC's compensation proposal. In its opposition to de Maison's November 1 motion for relief, the SEC suggested that de Maison be compensated $25,000 for her real estate efforts, reasoning that "a reasonable proxy for compensation might be the commissions that real estate brokers typically earn," and that "general practice in the real estate industry is that compensation for real estate brokers ranges between 4-6%, with a buying and selling agent splitting the commission." In her reply, de Maison challenged the SEC's $25,000 compensation figure, arguing that brokers' fees are calculated from the total sales price of the property; accordingly, a four percent commission rate applied to the total combined purchase price of

5

$2,067,500 would be $82,700 -- not $25,000.  Her reply also highlighted the work she had done to facilitate the property sales, suggesting that a real estate commission may not be the most appropriate proxy for compensation since her work went "well above and beyond the normal responsibilities of a real estate agent."

Ms. de Maison's reply failed to address the SEC's observation that buying and selling agents generally tend to split a commission.  This omission was raised by the SEC in a December 20 letter to the Court.[3]  In the December 20 letter, the SEC noted that "the record does not reflect whether any other real estate professional received some compensation in connection with these sales, which would have bearing on the reasonableness of Ms. de Maison's request for compensation."

Ms. de Maison now argues that the SEC "raised the issue of compensation to other real estate professionals late and inappropriately in response to the Court's order of December 16."  But as the record shows, the SEC first raised this issue in its opposition to de Maison's November 1 motion for relief.

---

[3] In light of certain assertions in de Maison's reply brief, the Court issued an order on December 16 requesting that the SEC respond to the following two questions: "(1) Does the SEC agree that 4% of the sales price of the relevant properties is $82,700? (2) What representations were made by Howard Fischer to counsel for de Maison on July 12 regarding the SEC's official position on de Maison's motion?"

6

Ultimately, it was de Maison who bore the burden of establishing her entitlement to an award under all potential theories and formulae for recovery.

Even if it were appropriate to take into consideration de Maison's factual assertions at this stage of the proceedings, her motion for reconsideration would still be denied.  Ms. de Maison's motion asserts that "for the four property sales, only one broker or agent was compensated instead of two," and that with respect to the sale of at least two of her properties, Rick Marlin, a real estate broker, "received a commission of 7% as the listing broker."  These newly asserted facts cut against de Maison's request for additional compensation, since they confirm that the pool of funds available to defrauded investors has already been depleted to pay other real estate agents' commissions.  Increasing de Maison's award would only further deplete the funds available to the defrauded investors as a result of these property sales.  Where, as here, there are insufficient funds to satisfy a disgorgement remedy, awarding de Maison additional compensation would not be in the defrauded investors' interest. See SEC v. Stein, 07cv3125, 2009 WL 1181061 at *1 (S.D.N.Y. Apr. 30, 2009) ("To persuade a court to unfreeze assets, the defendant must establish that . . . there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at

trial."); SEC v. Grossman, 887 F. Supp. 649, 661 (S.D.N.Y. 1995), aff'd sub nom. SEC v. Estate of Hirshberg, 101 F.3d 109 (2d Cir. 1996) (holding that to succeed on a motion to unfreeze assets, an applicant "must establish that such a modification is in the interest of the defrauded investors").

Finally, de Maison argues that it was inappropriate for the SEC to propose a specific compensation figure and that, "to the extent that [the] Court based its decision to allow only $25,000 to be released to Ms. de Maison on the SEC's argument . . . the Court should reconsider its ruling and award a greater amount." The Court has already addressed this issue in connection with the November 1 motion for relief.  Moreover, the December 23 Opinion took into consideration several factors beyond just the SEC's proposed compensation figure, including case law that disfavors lifting a freeze order when there are insufficient funds to satisfy a disgorgement remedy.

## CONCLUSION

Ms. de Maison's January 6 motion for reconsideration is denied.

Dated:   New York, New York
         February 8, 2017

```
                              _____
                                      DENISE COTE
                              United States District Judge
```

8