```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                    Plaintiff,           :     14cv7575 (DLC)
                                         :
-v-                                      :     OPINION AND ORDER
                                         :
JASON COPE, IZAK ZIRK DE MAISON (F/K/A)  :
IZAK ZIRK ENGELBRECHT), GREGORY          :
GOLDSTEIN, STEPHEN WILSHINSKY, TALMAN    :
HARRIS, WILLIAM SCHOLANDER, JACK         :
TAGLIAFERRO, VICTOR ALFAYA, JUSTIN       :
ESPOSITO, KONA JONES BARBERA, LOUIS      :
MASTROMATTEO, ANGELIQUE DE MAISON,       :
TRISH MALONE, KIERNAN T. KUHN, PETER     :
VOUTSAS, RONALD LOSHIN, GEPCO, LTD.,     :
SUNATCO LTD., SUPRAFIN LTD.,             :
WORLDBRIDGE PARTNERS, TRAVERSE           :
INTERNATIONAL, and SMALL CAP RESOURCE    :
CORP.,                                   :
                                         :
                    Defendants,          :
And                                      :
                                         :
ANGELIQUE DE MAISON,                     :
                                         :
                    Relief Defendant.    :
---------------------------------------- X
```

APPEARANCES:

For Angelique de Maison:
Jeffrey B. Coopersmith
Orrick, Herrington & Sutcliffe LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104

For the Securities and Exchange Commission:
Philip A. Fortino
John O. Enright
Securities & Exchange Commission - New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281

DENISE COTE, District Judge:

In 2018, defendant Angelique de Maison ("de Maison") was ordered to pay disgorgement, prejudgment interest, and a civil penalty, stemming from a consent judgment entered against her in a Securities and Exchange Commission ("SEC") enforcement action. This matter now returns to this Court on remand for further consideration in light of the Supreme Court's decision in Liu v. Securities and Exchange Commission, 140 S. Ct. 1936 (2020). For the reasons set forth below, de Maison is ordered to disgorge $524,885 and pay a civil penalty of $4,240,049.30.

## BACKGROUND

Familiarity with the facts of this case is presumed, and the relevant facts are presented here only briefly. In September 2014, the SEC filed a complaint against de Maison and others, alleging that they conducted a securities fraud scheme that violated several provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. The SEC and de Maison negotiated a settlement agreement, and on December 23, 2015, the Court so-ordered a consent agreement between de Maison and the SEC.

Under the consent agreement, de Maison agreed to pay disgorgement of her ill-gotten gains, plus prejudgment interest on the disgorgement, as well as a civil penalty. On July 30, 2018, the Court issued an Opinion and Order (the "July 30, 2018

Opinion") ordering de Maison to disgorge $4,240,049.30, plus pre-judgment interest, and pay a civil penalty of $4,240,049.30. Securities and Exchange Commission v. Cope, No. 14cv7575 (DLC), 2018 WL 3628899 (S.D.N.Y. July 30, 2018).

De Maison then appealed to the United States Court of Appeals for the Second Circuit. On August 30, 2019, the Second Circuit affirmed. SEC v. de Maison, 785 F. Appx. 3 (2d Cir. 2019). De Maison then sought a writ of certiorari from the United States Supreme Court. While her case was pending before the Supreme Court, the Supreme Court decided Liu, which implicated the disgorgement remedy ordered in this case. On July 2, 2020, the Supreme Court vacated the Second Circuit's judgment affirming this Court's order and remanded the case to the Second Circuit for further consideration in light of Liu. de Maison v. SEC, 141 S. Ct. 186 (2020). On October 8, 2020, the Second Circuit in turn remanded the case to this Court.

On October 14, 2020, this Court ordered the parties to submit memoranda addressing the impact of Liu on the judgment entered in the July 30, 2018 Opinion. That briefing became fully submitted on December 3. In her submission, de Maison noted that the parties had met and conferred regarding the issues presented, and that they were in the midst of settlement discussions. Subsequently, on December 17, de Maison notified the Court that the parties had been unable to reach a settlement

and that the matter was ripe for resolution.

## DISCUSSION

In Liu, the Supreme Court affirmed a court's power to award disgorgement in an SEC enforcement action pursuant to Title 15, United States Code, Section 78u(d)(5), which authorizes courts to grant "any equitable relief that may be appropriate or necessary for the benefit of investors." 140 S.Ct. at 1946. But the Court held that any such disgorgement must "fall[] into those categories of relief that were typically available in equity." Id. at 1942 (citation omitted) (emphasis in original). Accordingly, the Court concluded that any disgorgement awarded in an SEC enforcement action may not exceed a "defendant's net profits from wrongdoing." Id. at 1946.

The Court also set forth several principles to guide the lower courts in developing appropriate disgorgement orders in SEC enforcement actions. First, the Court reasoned that the "for the benefit of investors" clause of § 78u(d)(5) "generally requires the SEC to return a defendant's gains to wronged investors for their benefit," and that lower courts should view requests for disgorgement skeptically where the SEC intends to deposit disgorgement funds with the United States Treasury. Id. at 1947-49. Second, the Court noted that, in certain instances, "disgorgement liability on a wrongdoer for benefits that accrue to his affiliates" is "sometimes seemingly at odds with [a]

4

common-law rule requiring individual liability for wrongful profits." Id. at 1949. Accordingly, courts must carefully consider whether a defendant may "consistent with equitable principles, be found liable for profits as partners in wrongdoing or whether individual liability is required." Id. Finally, "courts must deduct legitimate expenses before ordering disgorgement." Id. at 1950.

While Liu limited to a certain extent the scope of the disgorgement remedy, a district court retains "broad equitable power to fashion appropriate remedies" for federal securities law violations, including imposing disgorgement. S.E.C. v. First Jersey Securities, Inc., 101 F.3d 1450, 1474 (2d Cir. 1996). Before disgorgement may be imposed, the SEC must first "establish[] a reasonable approximation of the profits causally related to the fraud." S.E.C. v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013). "[B]ecause of the difficulty of determining with certainty the extent to which a defendant's gains resulted from his frauds . . . the court need not determine the amount of such gains with exactitude." Id. Once this reasonable approximation has been established, "the burden shifts to the defendant to show that his gains were unaffected by his offenses," and a defendant must "clearly . . . demonstrate" that the "disgorgement figure was not a reasonable approximation." Id. at 31-32 (citation omitted).

The SEC has revised its disgorgement request to $524,885. In support of disgorgement, the SEC has provided the declaration of John Enright, an attorney in the Division of Enforcement.  In this declaration, Enright describes how, shortly after investor funds were deposited in bank accounts belonging to the investment entities, de Maison transferred investor funds into her personal bank accounts or used investor funds to pay off personal debts.  Enright supports his declaration with relevant financial records, including bank statements covering de Maison's personal account and the bank accounts belonging to the investment entities.  Based on this declaration, the SEC has satisfied its burden of establishing "a reasonable approximation of profits causally connected to the violation." Razmilovic, 738 F.3d at 31 (citation omitted).

De Maison disputes the SEC's disgorgement calculation.  She does not appear to dispute the SEC's calculation of the sums of money withdrawn from the bank accounts belonging to the investment entities and transferred to her personal accounts or used to pay her personal debts.  Nor does she dispute that these transfers were made shortly after the investor funds were deposited with the investment entities.  Instead, she argues that sums of money similar or equal to the sums of money deposited in the investment entity accounts were transferred to their intended destination, so the funds were not

6

misappropriated and were used for the benefit of investors. She also argues that, in instances where funds were transferred from the investment entities to her personal accounts or to her creditors, the balance of the investment entity accounts was always greater than the value of the recently deposited investor funds. As such, the funds transferred to her accounts were not traceable to any particular investor, rendering disgorgement improper.

These arguments are unconvincing because they ignore the fungibility of money. Because money is fungible, it is of course impossible to conclude that the precise tranche of money diverted to de Maison's accounts was the precise tranche of money deposited by an investor. But the SEC has demonstrated, and de Maison does not dispute, that de Maison transferred money to her personal accounts from accounts where that money was being held for the benefit of investors. But for her actions, the balance of the investment entity accounts necessarily would have been higher, or the value of the funds transferred to their intended destinations necessarily would have been higher. As such, de Maison's arguments are not sufficient to "clearly . . . demonstrate" that the SEC's calculation is not reasonable. Razmilovic, 738 F.3d at 31-32.

With respect to the other Liu principles, the SEC has averred that it has identified the investors who were wronged by

7

de Maison, and that it intends to return those funds to the investors.  The SEC also does not intend to seek to impose joint and several liability on de Maison and claims that the requested disgorgement sum does not require the deduction of legitimate expenses.  De Maison does not dispute these conclusions.  This Court therefore awards disgorgement in the sum of $524,885.  The SEC no longer seeks prejudgment interest, so the Court declines to award it.

The SEC further requests that the civil penalty of $4,240,049.30 imposed in the July 30, 2018 Opinion remain unaffected.  Liu does not implicate this Court's authority to impose civil penalties pursuant to Title 15, United States Code, Sections 77t(d)(2)(C) and 78u(d)(3)(B)(iii).  Under these provisions, a court may impose a civil penalty of up to "the gross amount of pecuniary gain" to a defendant, which may be higher than the defendant's net profits contemplated in Liu.  The SEC has previously calculated a gross pecuniary gain to de Maison of $4,240,049.30, and this Court imposed a civil penalty of that amount in its July 30, 2018 Opinion, finding that de Maison's "egregious and recurrent conduct" justified a "serious punitive response."  Cope, 2018 WL 3628899, at *8.

In her submission, de Maison claims that this Court concluded in its July 30, 2018 Opinion that a civil penalty equal to the disgorgement sum was appropriate, and that since

8

the disgorgement sum has been reduced in the wake of Liu, the civil penalty should be reduced as well.  But that reasoning misconstrues the July 30, 2018 Opinion.  In that Opinion, the Court concluded that "the maximum fine -- an amount equal to the disgorgement sum of $4,240,049.30 -- is appropriate."  Id. (emphasis added).  The maximum fine remains $4,240,049.30, and the Court sees no reason to reconsider its conclusion that the maximum fine is appropriate.

## CONCLUSION

A judgment of disgorgement in the amount of $524,885 is imposed against defendant de Maison.  Defendant de Maison shall also pay a civil penalty of $4,240,049.30.  The SEC shall submit by February 26, 2021 a proposed order implementing the Court's rulings as to de Maison.

Dated:    New York, New York
          February 19, 2021

_____
DENISE COTE
United States District Judge